I can find no error in the conclusion of the trial judge to the effect that plaintiff has failed to prove with reasonable certainty a causal connection between the alleged back injury and the tumor in plaintiff's back which was the direct cause of whatever disability he suffered after he severed his connection with the company and ceased to receive his wages. Doctor Caldwell stated that in his opinion the back injury which plaintiff recited could not have caused a tumor in the vertebra. The doctor stated that this kind of tumor is a growth, and there is no definite proof that trauma initiates such a tumor, and he did not think the tumor in plaintiff's back was caused by trauma. We therefore must eliminate the proposition that the back injury caused the tumor.
The strongest part of plaintiff's case is presented under his theory that the back injury caused a pre-existing tumor in this vertebra to become aggravated or accelerated by reason of the injury. This theory of course goes on the assumption that a tumor had formed or was forming in this vertebra at the time of the back injury. A reading of Dr. Caldwell's opinion on this point would not justify the conclusion that plaintiff had a tumor at the time of the accident, nor that the accident aggravated a diseased condition of this vertebra. The doctor said on this point: "I cannot know whether the tumor was present and growing to some extent at the time of the accident, and whether its growth was faster or not after the accident; and as far as the histories related to me, there is nothing to give me a clue that it hastened the growth of the tumor or immediately precipitated the collapse at all."
The doctor was given a hypothetical question based on the evidence as to the nature of the accident and was asked the question whether or not there was any causal connection between the alleged accident in June, 1944, and the condition of pathology that he found. His answer was as follows: "No, I doubt it very much. The accident caused certain symptoms, but we are quite sure it didn't cause the tumor, and there were certain symptoms, as I understand it, that continued up to the time that he became disabled and we knew that he had a tumor; yet those symptoms were those that might have happened or might have been the result of a severe strain in a normal spine up to the time this sudden severe collapse came on, so I think it rather doubtful that there is much direct connection."
The most that can be said of plaintiff's proof is that it shows a probability of a causal connection between his fall in June, 1944, and the collapse of the giant tumor several months later. While much liberality in favor of an injured employee has been shown in construing and applying the compensation law he has never been relieved of the necessity of proving his claim with reasonable certainty. As we said in the recent case of Barnes et al. v. Dixie Drilling Co., 31 So.2d 292, a judgment for compensation cannot be based on probabilities, and, in my opinion, that is all the plaintiff has shown in this case.
I therefore respectfully dissent from the majority opinion.